IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK HOHIDER, et. al, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action   04-363 |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

CONTI, District Judge

In this memorandum order, the court considers UPS's Motion for Summary Judgment As to the Class Claims Alleged by Plaintiff Mark Hohider on the Ground That Plaintiff Mark Hohider Failed to Assert Such Claims in His Administrative Complaint (Doc. No. 52) filed by defendant United Parcel Service, Inc. ("defendant" or "UPS") with respect to all class claims asserted against UPS by plaintiff Mark Hohider ("plaintiff" or "Hohider").  Defendant argues that the class claims cannot be maintained because plaintiff's administrative complaint did not include any class allegations or class claims.  Plaintiff asserts that the scope of the investigation by the Equal Employment Opportunity Commission (the "EEOC") or what can reasonably be expected to grow out of an investigation of the charge of discrimination needs to be considered in determining whether plaintiff can allege class claims.  Plaintiff argues that when facts relating to the scope of the EEOC investigation are considered, genuine issues of material fact exist which preclude the relief sought by defendant.  The EEOC moved to file an amicus curiae brief in

support of plaintiff's position.  The EEOC's motion was granted.  On May 20, 2005, counsel for defendant, plaintiff and the EEOC participated before the court in oral argument concerning the motion.[1]  After considering defendant's statement of material facts, plaintiff's response to that statement, the motion filed by defendant, the briefs submitted by the parties and the EEOC, as well as defendant's reply brief to the extent it related to the issues raised in the motion, and the arguments of the parties, the court will deny defendant's motion for summary judgment because genuine issues of material fact exist regarding the scope of the EEOC investigation.

### *Undisputed Facts*

Plaintiff has been employed by defendant in its Laurel Mountain District.  Defendant's Concise Statement of Material Facts ("Def.'s St.") ¶ 1; Plaintiff's Response in Opposition ("Pl.'s St.) ¶ 1.  He is currently classified as being on inactive status.  Id.  On March 22, 2001, plaintiff filed an administrative complaint against defendant with the Pennsylvania Human Resources Commission ("PHRC").  Defendant's Appendix ("Def.'s App."), Ex. 1.  The administrative complaint was docketed as Mark P. Hohider v. United Parcel Service at PHRC Docket No. E98867H.  Id. ¶ 2.

---

[1] Approximately one week before the scheduled hearing on the motion and months after plaintiff's response was filed, defendant filed a reply to plaintiff's response in which defendant sought to raise an additional issue, i.e, if the court determines a class action may be maintained, the class shall be limited at least to Western Pennsylvania.  Defendant's new argument would necessitate a review of the scope of the EEOC investigation.  At the oral argument the court permitted the filing of the reply brief, but not an appendix exceeding 500 pages.  The filing of the appendix was not timely and would necessitate further briefing and submissions of the parties. The court limited the argument and this decision is likewise limited to the facts and argument presented in the original motion.  The motion for summary judgment was limited to one ground. Defendant stated that it moved "on the ground that [Hohider] failed to assert [class] claims in his administrative complaint."  Def.'s Mot. for Summ. J. at 1.

The administrative complaint was forwarded to defendant on April 13, 2001. Id. Defendant was advised that plaintiff's administrative complaint was also filed with the EEOC and docketed at EEOC Charge Number 17FGA12049. Id. ¶¶ 2-3. Pursuant to a work sharing agreement between the PHRA and the EEOC, charges filed with one agency are deemed to be filed with the other on the same date and will initiate proceedings at both agencies. Plaintiff's Appendix ("Pl.'s App.") at 128.

The PHRC, in a letter dated September 6, 2002, informed defendant that "the Pennsylvania Human Relations Commission has investigated the above referenced complaint of unlawful discrimination and has determined that the complaint should be dismissed because the facts of the case do not establish that probable cause exists to credit the allegations of unlawful discrimination." Def.'s App., Ex. 3.

On July 18, 2003, the EEOC issued a determination in the matter docketed at EEOC Charge No. 17FA102049. Def.'s St. ¶ 5; Pl.'s St. ¶ 5. The determination asserted reasonable cause to credit the charge. Id.

On March 10, 2004, plaintiff and Robert DiPaolo ("DiPaolo") filed the complaint at issue here for themselves and all others similarly situated, asserting class allegations against defendant for violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq*. Plaintiff and DiPaolo described the nature of the class action as follows:

> Plaintiffs bring this class action on behalf of themselves and all others similarly situated against United Parcel Service, Inc. ("UPS" or the "Company") for discrimination in employment, by: (a) maintaining a de facto policy, pattern and practice of requiring employees to provide a "full" or "100%" medical release, without restrictions, before permitting them to return to duty following a medical leave of absence; (b) failing and/or refusing to engage in the required interactive process, and/or refusing to engage in the interactive process in good faith, to identify

>   reasonable accommodations for those employees who attempt to return to work following an absence due to medical treatment or a medical condition, as required under the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq. (ADA); (c) failing and refusing to reinstate permanently disabled employees in a position that will effectively accommodate their medical restrictions without imposing an undue hardship on UPS; and (d) failing and refusing to permit employees who have filed workers compensation and/or disability discrimination claims from returning to work, in retaliation for having exercised their rights to seek workers compensation, and/or the protection of the federal civil rights statutes.

Pl.'s Compl. ¶ 2 at 1-2.

The text of plaintiff's administrative complaint filed with the PHRA as well as the charge of discrimination filed with the EEOC contains no class claims; rather, the filings allege only an individual claim of discrimination. The complaint filed with the PHRA stated:

>   a.  On or about February 6, 2001 the respondent refused to reinstate me to the active workforce because of my non-job related disability, herniated discs.
>       (1)  I was hired by the respondent in October 1986 as a Driver.
>       (2)  The respondent is aware of my disability.
>       (3)  As a result of an August 4, 1999 injury on the job I was on disability leave.
>       (4)  On October 19, 2000 the respondent's doctor indicated that I could return to work in a limited capacity.
>       (5)  By letter dated December 6, 2000 I requested a return to work within the limits set by respondent's doctor.
>       (6)  In refusing to return me to the active workforce the respondent stated that there were no positions that I was qualified for and capable of performing the essential job functions with or without reasonable accommodations.
>       (7)  However, I have informed the respondent of positions that I could perform the essential functions of with a reasonable accommodation.

Def.'s App., Ex. 1.

DiPaolo's charge of discrimination filed with the EEOC stated:

1. I have worked for the Respondent since 1972. I have been attempting to return to work with restrictions since my doctor released me in May 1998. The most recent denials were to bids in which I was the senior bidder of the position Shifter & Loader/Unloader a.m. p.m., which I was qualified to fill and met my medical restrictions. The Respondent has refused to enter into the interactive process of providing me with a reasonable accommodation.

2. Respondent has refused to allow me to return to work without a full medical release from my doctor. They have ignored their requirement to enter into the interactive process of providing me with a reasonable accommodation and they have ignored by [sic] seniority which by contract, the two most recent vacancies should have been mine.

3. I believe the Respondent has discriminated against me because of my disability in violation of the Americans with Disabilities Act, (the ADA), in that they have refused to provide me with or even enter into the interactive process with me of providing me with a reasonable accommodation which would allow me reinstatement with my medical restrictions.

Def.'s App., Ex.6.

### *Facts in Dispute*

Perhaps what is most significant with respect to the motion for summary judgment is that facts relating to the investigation by the EEOC are disputed. In paragraph 6 of defendant's concise statement of material facts, defendant asserted that plaintiff based the class claims upon his administrative complaint dual filed with the PHRC and the EEOC. Def.'s St. ¶ 6. UPS also asserted that it did not have any notice from the EEOC concerning an investigation of class claims. Id. Specifically defendant asserted that between April 13, 2001, the date the charge of discrimination was filed, and the July 18, 2003 determination, "the EEOC did not provide any documents or information to UPS concerning Plaintiff Hohider or his administrative complaint, did not request any documents or information from UPS concerning Plaintiff Hohider or his administrative complaint, and did not otherwise communicate with UPS concerning Plaintiff

Hohider or his administrative complaint." Id.  Those facts, as stated by defendant, are disputed by plaintiff and the EEOC.

Plaintiff asserts that the complaint, among other things, encompasses class claims which were reported to the PHRC and the EEOC and that those reports constituted amendments to his original complaint.  Pl.'s St. ¶ 6.  The EEOC in its response to defendant's statement of facts likewise disputed that assertion and referred to evidence adduced by plaintiff in his response to defendant's motion.  First, plaintiff requested a substantial weight review by the EEOC of the PHRC's no cause finding.  Pl.'s App. at 56.  Plaintiff submitted an affidavit dated October 16, 2002, to the EEOC supplementing the allegations and stating that defendant's actions in refusing to permit him to return to work were "consistent with the company's policy of non-accommodation." Id. at 58.  Plaintiff's counsel, in a letter dated October 24, 2002, advised the EEOC that "...UPS continues to enforce the same de facto policy of requiring a 'full release' before it will return an injured employee to work..." Id. at 59.

Plaintiff was not represented at the time of filing his charge.  Def.'s App., Ex.1. Plaintiff's counsel, who was retained after the filing of the charge, in the October 24, 2002 letter sent to the EEOC, stated that defendant's policy violated the ADA.  Pl.'s App. at 60.  Plaintiff's counsel also described the filing by DiPaolo with respect to the de facto full release policy and advised that he would be able to provide the EEOC names of other potential plaintiffs.  Id. at 61. Plaintiff's counsel, among other things, requested the EEOC to "investigate, issue a cause finding, consolidate the cases, and file suit on behalf of Mr. Hohider and the class of workers subject to this illegal corporate policy."  Id.  Plaintiff's counsel subsequently provided the EEOC the materials that DiPaolo had filed with the EEOC, including a questionnaire dated July 2001 completed by DiPaolo in which he alleged that "United Parcel Service has a policy of non-

6

accomadition [sic] to people with disabilities which continues in effect to this day." Id. at 75. Additionally in an affidavit submitted by DiPaolo to the EEOC, which was included in plaintiffs' submissions to the EEOC, DiPaolo referred to a discrimination policy affecting "disabled employees as a group . . . ." Id. at 93.

Plaintiff's counsel on February 28, 2003 wrote to UPS's counsel complaining about UPS's policy of non-accommodation and refusal to engage in the interactive process and stated:

> Perhaps in time your client will abandon its unlawful policies, although currently, it **seems inevitable that another class action lawsuit will be required to convince UPS to treat Mr. Hohider, and others, with the same respect and the opportunities to work** as those enjoyed by persons without disabilities. The case file is currently under review by the EEOC.

Id. at 21B (emphasis added).

The PHRC sent plaintiff's file to the EEOC in June 2003. Pl.'s App. at 73. On July 18, 2003, the EEOC sent a determination letter to plaintiff and defendant. Id. at 15-16. On that same date, the EEOC sent an identical letter to defendant and DiPaolo. Id. at 17-18. In the determination letter sent to Hohider and UPS the EEOC advised: "Creditable Testimony has determined that [the defendant] has a 100% full medical release practice, which it has been determined is a per se violation of the ADA." Id. at 15. The EEOC advised that it would attempt "to eliminate the alleged unlawful practices by informal methods of conciliation," id. at 16, and invited the parties to conciliate. By letter dated September 4, 2003, from the EEOC to defendant's counsel regarding both Hohider and DiPaolo, the EEOC proposed, among other things, with respect to conciliation that defendant:

- . . . eliminate their practice of requiring 100% full medical releases.

- implement a policy regarding reasonable accommodation which clearly demonstrates that [defendant] will enter into the interactive process in the future.

- [defendant] assures that all their policies and practices do not discriminate against any person identified as disabled or violates provisions of the ADA.

- ...provide copies to all employees regarding the changes made above.

Id. at 20.  With respect to the conciliation, there were individual proposals made with respect to payments to DiPaolo and Hohider.  Id. at 21.

By letter dated September 24, 2003, defendant's counsel advised the EEOC that there were "two mistaken beliefs: (i) 'that UPS 'has a 100% full medical release practice' and (ii) that UPS's light duty program excludes '[person's] who [are] qualif[ied] under the ADA'."  Id. at 23.  Defendant's counsel advised that those matters were "wrong."  Id.  In the letter, defendant asserted that plaintiff was not a qualified individual with a disability, that there was no violation of the ADA, and that its ADA compliance program and various policies "are compliant with the law and there is no basis for suggesting that UPS maintains a policy that violates the ADA."  Id. at 27.

On December 10, 2003, the EEOC sent plaintiff a notice of right to sue noting that conciliation was not successful.  Pl.'s Compl., Ex. A.  "The EEOC found reasonable cause to believe that violations of the statute[s] occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the [defendant] that would provide relief for you."  Id.  The EEOC stated that it would not bring suit itself, but was not certifying that "the [defendant] is in compliance with the law, or that the EEOC will not sue the [defendant] later or intervene later in your lawsuit if you decide to sue on your own behalf."  Id.

*Standard of Review*

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249.

The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (citing WRIGHT AND MILLER, FEDERAL PRACTICE § 2721); Pollack v. City of Newark, 147 F.Supp. 35, 39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d Cir. 1956), cert.denied, 355 U.S. 964 (1956) ("in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or *otherwise made admissible in evidence*") (emphasis added). Inferences are to be drawn in the light most favorable to the non-moving party. Pa. Prot. & Advocacy, Inc. v. Pa. Dept. of Welfare, 402 F.3d 374, 379 (3d Cir. 2005)("We are required to review the record and draw inferences in a light most favorable to the non-moving party, . . . yet the non-moving party must provide admissible evidence containing 'specific facts showing that there is a genuine issue for trial'.")(quoting FED. R. CIV. P. 56(e)).

*Analysis*

In this court's memorandum opinion entered in Branum v. United Parcel Service, Inc., No. 04-1686 (W.D. PA. Dec. 23, 2005), this court reviewed the same issue that defendant raises in this case – whether the failure to include ADA class claims or class allegations in an administrative charge will bar any ADA class claims from being asserted in a subsequent lawsuit. This court determined that the applicable standard in the context where an ADA class claim is raised, like in the context for a Title VII class claim, is "the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . . .'" Hicks v. ABT Associates, Inc., 572 F.2d 960, 966 (3d Cir. 1978)(quoting Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976)).  Also, of import is that the plaintiff in this case, like in Branum, was not represented at the time his charge was drafted and in those circumstances "the scope of the original charge should be liberally construed." Id. at 965.  The analysis set forth in Branum is incorporated by reference into this opinion.[2]

Hicks applied the standard set forth in Ostapowicz and examined two factors: a) whether the claim of discrimination in issue would have been discovered by the EEOC in the course of a reasonable investigation and b) whether the claims in issue "which would have been uncovered were reasonably within the scope of the charge filed with the EEOC." Hicks, 572 F.2d at 967.  In this case, plaintiff adduced sufficient evidence with respect to those two factors.  Specifically, plaintiff presented evidence that the class claims in issue were discovered by the EEOC and plaintiff, in his administrative charge, implicated the alleged de facto 100% full medical release

---

[2] Branum's motion to consolidate Branum v. United Parcel Service, Inc., Civil Action No. 04-1686, with this case will be granted.

policy at issue in the class claims.  The policy was implicated when plaintiff in his charge stated he had a medical release to return to work in a limited capacity and was told he could not return because "there are no positions that [he] was qualified for and capable of performing the essential job functions with or without reasonable accommodations."  Def.'s App., Ex. 1.

In this case there were documents and materials provided to the EEOC during the administrative process relating to plaintiff's charge of discrimination, which included class issues.  Specifically, information was provided to the EEOC regarding a policy of 100% medical release for return to work and DiPaolo in his questionnaire, which was furnished to the EEOC during its investigation of plaintiff's charge, raised class claims.  Perhaps most significant is that, in this case, like in Ostapowicz, there were other claims of which UPS and the EEOC had notice, *i.e.*, the charge of DiPaolo which included the class allegations.  Like the court in Ostapowicz, this court would be hard pressed to find that defendant was prejudiced by the expansion from plaintiff's administrative complaint because defendant had actual notice during the EEOC investigation of the potential for a class action.  Plaintiff's attorney several months prior to the EEOC determination and the attempted conciliation warned UPS that "it seems inevitable that another class action lawsuit will be required to convince UPS to treat Mr. Hohider, and others, with the same respect and the opportunities to work as those enjoyed by persons without disabilities."  Pl.'s App. at 21A-21B.

Additionally, one of the purposes for the EEOC to conduct an investigation is for the EEOC to be able to conciliate the dispute.  Hicks, 572 F.2d at 963; Ostapowicz, 541 F.2d at 398.  Here, the EEOC raised the class issues in the conciliation process by, among other things, requesting defendant to revise its policies.  Defendant rejected the conciliation, asserting that the

11

EEOC was wrong and that the actual UPS policies did not violate the law.  Plaintiff's evidence indicates that there was an attempt to conciliate on the class claims during the EEOC process.

### *Conclusion*

The EEOC investigation and determination with respect to plaintiff's charge of discrimination reflected the potential for existence of class claims and defendant's counsel had notice of the potential for class claims during the investigative process.  Under those circumstances this court finds that summary judgment would be improper.  Genuine issues of material fact remain.  Facts relating to the scope of the investigation and what reasonably can be expected to grow out of the EEOC investigation of the administrative charge are in dispute and, at this stage, inferences from the record must be drawn favorably to plaintiff.  Pa. Prot., 402 F.3d at 379.  Defendant's argument that, as a matter of law, class claims have to be raised in an administrative charge in order for a civil action to include class claims was rejected in Branum, where this court held the applicable standard was set forth in Ostapowicz.  The application of that standard in this case warrants the denial of defendant's motion for summary judgment.

Here, the court, under the Ostapowicz standard, needs to consider whether the scope of the EEOC investigation or what can reasonably be expected to grow out of the EEOC investigation of plaintiff's administrative charge would encompass class claims.  Certainly there is enough evidence adduced by plaintiff, which must be favorably viewed by the court, for this court to conclude that the scope of the EEOC investigation encompassed class claims and to conclude that the scope of this civil action may properly include the class claims raised in plaintiff's complaint. The lack of prejudice to defendant also weighs in favor of plaintiff's ability to bring the class claims in issue.

## *ORDER*

Now, this 23rd day of December, 2005, upon consideration of the parties' submissions and argument it is ordered that UPS's Motion for Summary Judgment As to the Class Claims Alleged by Plaintiff Mark Hohider on the Ground That Plaintiff Mark Hohider Failed to Assert Such Claims in His Administrative Complaint (Doc. 52) filed by defendant, United Parcel Service, Inc., is **DENIED**.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   Counsel of record